Dear Mr. Fontenot:
This office is in receipt of your September 28, 2000 request for an opinion of the Attorney General in regard to a town ordinance prohibiting the use of town owned vehicles outside the municipal Town of Rosepine. However, there is a concern whether such a provision would interfere with the powers of the elected Chief of Police. In your request you presented the following issues for our review:
 (1) Can the Chief of Police of Rosepine authorize his off duty officers to bring home their police unit even though they reside outside the corporate limits of the Town of Rosepine.
 (2) Does the City Council have the authority to pass an ordinance or resolution that prevents the Chief of Police from allowing his off duty officers to have their vehicles at their private residence when they are not on duty.
 (3) Does the passage of an ordinance regulating the use of police units unlawfully interfere with the Chief of Police's operation of the Police Department.
Regarding the first issue, in Cogswell v. Town on Logansport,321 So.2d 774, 78 (La.App. 2d Cir. 1975), the court held that the powers and duties of the police chief of a Lawrason Act municipality are not expressly defined by statute or by jurisprudence. These powers, often referred to as `inherent powers', are those which are necessary for the police chief to effectively carry out his duties. The general responsibility for law enforcement granted to a Chief of Police extends only to the law enforcement function.
This office has repeatedly observed that the Chief of Police, because of the nature of his office and his position as chief law enforcement officer of the City, has the inherent power or authority to supervise and direct the administration and day to day operations of the police department and assign its personnel and equipment. This includes assigning a police department vehicle to himself and his officers for police work.
It is an established principle that the mayor and alderman may not revoke the `inherent powers' of an elected Chief of Police of a Lawrason Act municipality to operate, control, and administer police department property and personnel. _Cogswell v. Town on Logansport, 321 So.2d 774,778 (La.App. 2d Cir. 1975). This inherent authority, however, applies only to the official law enforcement use of municipal police vehicles.
To address the second issue, the mayor and board of alderman have statutory authority or power to control and manage all municipal property and supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected Chief of Police. Even though police vehicles are municipal property, the Chief of Police has the inherent authority to control municipal police vehicles subject to the statutory authority exercisable by the mayor and board of alderman.
The Louisiana Supreme Court in Lentini v. City of Kenner, 211 So.2d 311,312 (La. 1968) found that personal use of city police vehicles by the chief of police must be approved by the mayor and board of alderman by virtue of this statutory authority. Also, the mayor and board of alderman may specifically request that the municipal vehicles be used by the chief of police only when he is working or conducting business relative to the municipal police department.
Thus, the governing authority of the Town of Rosepine may regulate, by ordinance, the use of municipal police vehicles outside the city limits, but such ordinance may not impinge upon the chief of police's inherent authority to supervise and control his office, office equipment and office personnel._Lentini v. City of Kenner, 211 So.2d 311, 312 (La. 1968)
Finally, regarding the third issue, an ordinance which prohibits the Chief of Police from allowing his off duty officers to have their vehicles at their private residence would be valid except in those instances where the Chief of Police authorizes use to and from work for those officers on `call' status. The ordinance would infringe upon the Chief of Police's authority in the event that there are other members of the police force who would be on `call' and are authorized by the Chief of Police to travel to and from work in an assigned police vehicle to accommodate their on `call' status.
If these individuals are not on `call', the use of the police vehicle going to and from work would be personal use which may be restricted by the governing authority. Because the ordinance at issue would prohibit only the unauthorized personal use of these vehicles, it is our opinion that the ordinance does not infringe on the Chief of Police's inherent powers. It should be noted here, however, that there have been numerous opinions from this office authorizing the twenty-four hour use of a police vehicle by a Chief of Police in the exercise of his official duties such as being on `call' in case of emergency.
We trust this opinion sufficiently responds to your inquiries. Should you have other questions or need further assistance, please do not hesitate to contact our office at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, Jr./mjb